\#         UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF MICHIGAN
                  SOUTHERN DIVISION


**UNITED STATES OF AMERICA,**

      **Plaintiff,**                     CRIMINAL NO.   20-30363

**v.**                                        HON. ANTHONY P. PATTI

**JANET LASK,**

      **Defendant.**
_____/


## ORDER REVOKING BOND

Defendant is charged under a criminal complaint with distribution of a controlled substance, namely methamphetamine, in violation of 21 U.S.C. 841(a)(1). On September 17, 2020, the Court held a bond hearing in this matter pursuant to the Bail Reform Act. At the conclusion of that hearing, the defendant was released on bond. The bond conditions included, *inter alia*: a prohibition against possessing or using any controlled substances, unless prescribed by a licensed physician; participation in an inpatient drug rehabilitation program and, thereafter, regular drug testing; participation in ongoing substance abuse and psychiatric therapy and counseling as directed. (ECF No. 10.) At the time that the bond conditions were imposed, the Court made clear to the defendant that it had great concern for her

safety, which was particularly tied to her ability to stay off of drugs. (ECF No. 9.)

On July 21, 2021, the Court held a bond review hearing in this matter, at the request of Pretrial Services, which recommended revocation. The Court found that the defendant had violated her bond conditions by failing to comply with the drug testing, treatment, counseling, possession and use conditions on multiple occasions. In fact, the Court noted on the record that the defendant clearly appeared to be under the influence of drugs at the time of the hearing. Moreover, the defendant has had multiple contacts with the law while on bond, although not leading to charges against her, and has associated with other drug users, including a situation involving the police being called for domestic abuse. Rather than taking the steps necessary to get control of her drug habit, the defendant is feeding it, this in conjunction with long-term mental health problems. The Court also notes that the defendant's motivation for distributing controlled substances in connection with the underlying charges was based upon her need to have money to feed her own drug addiction. Accordingly, her ongoing use of drugs, and the need to pay for them, provides an unfortunate incentive for her to engage in further distribution or other illegal activity, such as shoplifting, for which she had contact with the police on July 12, 2021. The defendant appears to be out of control, and is a danger to herself, to society, and to her children, including an eight-year-old. The defendant has repeatedly made misrepresentations to Pretrial Services, giving them sundry far-fetched excuses for

her behavior. The defendant's drug use also constitutes ongoing violations of state law. The Court is therefore of the opinion that the defendant is unlikely to be successfully supervised while out on bond, and by a preponderance of the evidence finds that there are no conditions or combination of conditions which can reasonably assure the defendant's appearance in court or her compliance with her bond conditions. The Court also finds by clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the community, including the defendant's own safety and that of her children.

Accordingly, for the reasons stated herein and on the record, all of which are incorporated by this reference as though fully restated herein:

**IT IS HEREBY ORDERED** that the defendant's bond is **REVOKED**.

**IT IS FURTHER ORDERED** that the defendant shall report to the United States Marshal Service and be placed in custody at the United States Courthouse in Bay City, Michigan no later than **July 22, 2021 at 1:00 PM**.

**SO ORDERED**.

Dated: July 21, 2021

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

#